**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-10281
_____

EDITH JUANITA DAMRON,

                                                          Plaintiff-Appellant,

versus

HELEN FARABEE CENTER, WICHITA COUNTY, entity being the MHMR
authority for Wichita Count, Texas, jointly and severally, et al.,

                                                                  Defendants,

HELEN FARABEE CENTER, WICHITA COUNTY, entity being the MHMR
authority for Wichita County, Texas, jointly and severally;

                                                          Defendant-Appellee.

_____

EDITH JUANITA DAMRON,

                                                          Plaintiff-Appellant,

versus

GEORGE ALLEN GOULD, Individually and in his official capacity, et
al.,

                                                                  Defendants,

HELEN FARABEE CENTER, WICHITA COUNTY, entity being the MHMR
authority for Wichita County, Texas, jointly and severally;

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(7:96-CV-105-X & 7:96-CV-70)
_____

March 9, 1999

Before DAVIS, STEWART and PARKER, Circuit Judges.

1

PER CURIAM:[*]

Edith Jaunita Damron, Plaintiff-Appellant, appeals the summary judgment for Defendant-Appellee and the denial of her Federal Rule of Civil Procedure 60(b)(6) Motion for Relief from Judgment or Order in this employment discrimination case. We affirm.

Damron contends that she attached to her Rule 60(b)(6) motion deposition testimony garnered after summary judgment which creates a genuine issue of material fact with regard to her 42 U.S.C. § 1983 claim. Specifically, the deposition testimony allegedly supported her claim that her supervisor was having an amorous affair with the individual who was promoted into Damron's job after Damron's termination. However, as set out in the district court's thorough and well-reasoned opinion, assuming such a fact question exists, Damron's § 1983 claim is without merit because she failed to even allege two of the four prima facie elements of a sex discrimination cause of action. *See Portis v. First Nat'l Bank of New Albany,* 34 F.3d 325, 328 n.6 (5th Cir. 1994).

Having reviewed the record, briefs and authorities, we affirm for substantially the reasons stated by the district court's Memorandum Opinion and Order date January 21, 1998.

AFFIRMED.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.